## CLEMMER v STATE

Ohio Appeals, 2nd Dist, Greene Co
No. 315. Decided May 4, 1929

Mr. Chas. L. Darlington, Xenia, for Clemmer.

Mr. J. Carl Marshall, Xenia, for State.

**ALLREAD, J.**

The statute under which the prosecution was had is as follows:

"Section 13169-2. It is hereby declared unlawful for any person or corporation to fill or refill or cause to be filled or refilled * * * milk, cream * * in bottle * * * or other container so marked or described as aforesaid by any name, mark or device, of which a description shall have been filed and published as provided by Section 13169 and 13169-1 of this Act; or to fill with bottles with intent to sell their contents, any bottle case so marked, or described; * * * or to sell, buy, give, take or otherwise dispose of or traffic in, said bottles * * * bottle case or other container without the consent of or unless the same shall have been purchased from the person, firm or corporation whose name, mark or device shall be in and upon the bottle * * * bottle case or other containers so filled, refilled, trafficked in or used or handled as aforesaid."

We may ignore the question of error in punctuation, and other errors in the phraseology of the statute.

Two propositions are made plain by the statute. First as to the intent to prevent frauds and impositions upon the owner of the labels and the labelled bottles, and second as to the intent to protect the public as against impositions. Both of these propositions are projected by the statute as it stands.

Counsel for the plaintiff in error contends that the original decision in the case of **State vs. Schmuck, 77 OS. 438** applies to the case at bar. This was the first statute enacted and involved many harsh features which rendered the Act unconstitutional. It is not necessary to refer to all these features.

In the case of **Renner Brewing Company v. Rolland, 96 OS., 432,** involved a statute very similar to the one here involved. In distinguishing the Renner Brewing Company case from the Schmuck case, it was said:

"These Sections of the General Code, as they now read contain no provision for the issue of a warrant to search premises and to seize property nor require the written consent of the owner or any other provision that would hinder the sale of the property described in these sections as other personal property is bought and sold in the ordinary course of business; nor do these sections contain any provision that the use or possession of this property without the written consent of the owner shall be prima facie evidence that such use or such possession is unlawful.

"These objectionable features were all contained in the original act and they were the only provisions of that act discussed by the Court in the State of Ohio v. Schmuck, supra. Therefore, the conclusions reached in that case can have no application to the case now under consideration further than the fact that in that case the Court found no constitutional objection to any of the provisions of the original

act except the ones specifically referred to in the opinion."

We may therefore say that the Act under consideration in the instant case involves none of the provisions of the Schmuck case which were made the basis of declaring that Act to be unconstitutional.

The next question involves the sufficiency of the affidavit. Upon this point, we have some difficulty, inasmuch as it is not claimed in the information that the acts therein suggested were in contravention of the public good or involved a question of intention to violate the provisions in reference to the public good. While criminal statutes are based upon the rights of the public, we can see no reason why a criminal act might not involve as well the property rights in bottles as against the owner thereof, and especially where the same are taken by another person without his consent and used by the persons charged, in traffic and practically as his own bottles.

It is true that in this affidavit there is an averment that the same were used in violation of **Section 13169-2.** If we enlarge this affidavit so as to include therein by reference the provisions of Section 2 of the Act, it would undoubtedly be sufficient. The information charges that the plaintiff in error "unlawfully" filled the Ringer bottle with milk, contrary to **13169-2 GC.** This averment is sufficient to constitute an offense under the laws of Ohio.

We are of opinion that the same is sufficient to justify a prosecution under the criminal section of the Act as it plainly shows the criminal intent. The evidence tends to show that when the inspector appeared upon the scene, the plaintiff in error was bottling the milk in Ringer bottles, along with his other milk in other bottles, preparatory to the sale thereof to the public. We do not doubt the sufficiency of the evidence.

We are therefore of opinion that the judgment of the Court of Common Pleas and of the Probate Court must be affirmed.

Kunkle, PJ., and Hornbeck, J., concur.